ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

MICHAEL G. LAGRAMA (CABN 252734)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-436-7241
    FAX: (415) 436-7234
    Michael.Lagrama@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) **CASE NO. 4:23-cr-00208-JSW** |
|     Plaintiff, | ) **UNITED STATES' SENTENCING** |
| | ) **MEMORANDUM** |
|   v. | ) |
| | ) Sentencing Date:  February 11, 2025 |
| EIVAND MANUEL LOPEZ, | ) Sentencing Time: 1:00 p.m. |
|     Defendant. | ) |
| | ) |

## I.    <u>INTRODUCTION</u>

    Defendant Eivand Manuel Lopez was indicted on one count of Receipt of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(2), (b).  The defendant pled guilty to that single count in the Indictment and is now before the Court for sentencing.  Based on the particular facts in this case, the United States concurs with Probation's recommendation that the defendant be sentenced to 84 months followed by 10 years on supervised release.  This sentence is sufficient but not greater than necessary to achieve the sentencing objectives in 18 U.S.C. § 3553(a).  The defendant's receipt of child sexual abuse material (CSAM) from the victim in this case is a serious criminal offense and inexcusable and has likely had a long-lasting detrimental impact on the victim.  Additionally, the defendant's act of downloading and possessing large quantities of CSAM revictimizes and retraumatizes the children who

    1

1    were raped and sexually abused as depicted in the CSAM.  However, the defendant was between 19 and

2    20 years old when he committed these acts, the defendant and the victim (who was between 16 and 17

3    years old during the same period) were relatively close in age at the time of the offense, and the

4    defendant does not have any prior criminal record.  The defendant has also taken responsibility for his

5    criminal acts and has participated in individual and group counseling.  Through continued rehabilitative

6    counseling, the defendant may be able diminish or dispel his sexual attraction to minors or, at least, learn

7    to never act on those feelings.  Therefore, in accordance with the sentencing objectives in section

8    3553(a), the defendant should be sentenced to 84 months followed by 10 years on supervised release and

9    be ordered to forfeit the electronic devices listed in the plea agreement. The Court should also order that

10    the defendant pay restitution in an amount to be determined at a later date, as well as a $100 mandatory

11    special assessment.[1]

12    **II.    BACKGROUND**

13        **A.  Circumstances of the Offense**

14        Between June 2, 2022 and January 5, 2023, starting when the defendant was 19 years old, he

15    used his cell phone to engage in Snapchat message communications with a minor, a male, who was then

16    16 to 17 years old.  The defendant knew that the male with whom he was communicating was a minor.

17    During his Snapchat communications with the minor, on at least two occasions, the defendant received

18    short videos from the minor that depicted the minor engaged in sexually explicit conduct.  Specifically,

19    on September 25, 2022, via Snapchat, the defendant knowingly received from the minor a video

20    (approximately 10 seconds in length) that depicted the minor stroking his penis and masturbating. Also,

21    on October 25, 2022, the defendant knowingly received from the minor a video (approximately 8

22    seconds in length) that depicted the minor manually penetrating his anus with his finger. The defendant

23    had another cell phone that contained over 600 images, including video files, of images depicting minors

24    engaged in sexually explicit conduct.

25

26

27

28        [1] The factual assertions in this brief are based on the confidential Presentence Investigation
Report.

**B. Procedural History**

On January 12, 2023, in the Northern District of California, the defendant was indicated on one count of Receipt of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(2), (b).  The Indictment contains a forfeiture allegation pursuant to 18 U.S.C. § 2253(a).  On August 13, 2024, the defendant pled guilty to the single count in the Indictment.

**C. Sentencing Guidelines Calculation**

The parties and Probation agree on the following advisory Guidelines calculation:

a.  Base Offense Level, U.S.S.G. §2G2.2(a)(2)                                                    22

b.  Specific offense characteristics under U.S.S.G. Ch. 2

    1)  §2G2.2(a)(2) (defendant's conduct was limited to receipt of                        -2
        material involving sexual exploitation and the defendant did
        not intend to traffic in or distribute the material)

    2)  §2G2.2(b)(2) (material involved a prepubescent minor                              +2
        or a minor who had not attained the age of 12)

    3)  §2G2.2(b)(4) (offense involved materials that portrays the sexual               +4
        abuse or exploitation of an infant or toddler)

    4)  §2G2.2(b)(5) (defendant engaged in a pattern of activity                          +5
        involving the sexual abuse or exploitation of a minor)

    5)  §2G2.2(b)(6) (involved use of a computer or interactive computer service)         +2

    6)  §2G2.2(b)(7)(D) (involved 600 or more images)                                     +5

b.  Acceptance of Responsibility, U.S.S.G. §§ 3E1.1(a), (b)                                      -3

c.  Final adjusted offense level                                                                 35

Probation also determined that the defendant has zero criminal history points (Criminal History Category I) and is subject to a Guidelines sentencing range of 168 to 210 months.  Probation recommends that the defendant be sentenced to 84 months followed by 10 years on supervised release, and the United States concurs with this recommendation based on the particular facts in this case.

1  III.  **DISCUSSION**

2      **A. Legal Standards**

3          The Court should impose a sentence that is sufficient but not greater than necessary to reflect the

4  seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate

5  deterrence; to protect the public; and to provide the defendant with needed educational or vocational

6  training, medical care, or other correctional treatment. *United States v. Carty*, 520 F.3d 984, 991 (9th

7  Cir. 2008); *see also* 18 U.S.C. § 3553(a). The Court should begin the process of determining an

8  appropriate sentence by calculating the correct sentencing range under the advisory Guidelines. *Id.*

9          After determining the appropriate advisory Guidelines calculation, the Court should then

10  evaluate the sentence for substantive reasonableness considering the factors set out in Section 3553(a).

11  *Carty*, 520 F.3d at 991-93. Under Section 3553(a), in arriving at the appropriate sentence for the

12  defendant, the Court should consider these factors applicable to this case, among others:

13

14      (1)    The nature and circumstances of the offenses and the history and characteristics of the
              defendant;

15      (2)    The need for the sentence imposed to reflect the seriousness of the offense, to promote
              respect for the law, and to provide just punishment for the offense;
16

17      (3)    The need for the sentence imposed to afford adequate deterrence to criminal conduct;

18      (4)    The need for the sentence imposed to protect the public from further crimes of the
              defendant; and

19      (5)    The need to avoid unwarranted sentence disparities among defendants with similar
              records who have been found guilty of similar conduct.
20

21      **B.    Sentencing Recommendation by the United States**

22          The United States recommends that the Court impose on the defendant a sentence of 84 months

23  followed by 10 years on supervised release and order him to forfeit the electronic devices listed in the

24  plea agreement.

25          **1.    Nature and circumstances of the defendant's offense and his history and
                   characteristics**

26              a.  Aggravating Factors

27          The defendant's receipt of CSAM from a then teenage boy constitutes a serious criminal offense.

28  On at least two separate occasions in September and October 2022, the defendant solicited CSAM from

United States' Sentencing Memorandum            4
4:23-cr-00208-JSW

1    the victim, respectively, asking the victim to "[s]how me your naughty boy parts," and telling the victim,

2    "I love your underage cock and boy pussy." PSR at 6-7. In turn, the victim sent the defendant short

3    videos of himself engaged in sexually explicit conduct with his genitals and buttocks in full view,

4    among other CSAM that the victim sent to the defendant during the period they communicated.   This

5    case did not just involve the defendant's receipt of CSAM.  In their Snapchat conversations, the

6    defendant and the victim also explicitly discussed the sexual acts they would engage in should they meet

7    up in person.  Further, during his Snapchat conversations with the victim, the defendant expressed the

8    view that adults and minors should be able to have "consensual" sex, and the defendant even attempted

9    to help the victim post CSAM on Twitter.  PSR at 6 ("Nothing wrong with giving sex with a minor

10   that's consensual sex"); PSR at 7 (". . . if only we were back in the 70s where no one had an issue with

11   minors and adults fucking").  Thus, the defendant's conduct and viewpoint are not only reprehensible

12   and dangerous, but his actions here have likely traumatized the victim and the victim's family.

13        Additionally, the defendant admitted that he is sexually attracted to "both pubescent and

14   prepubescent males and females."  PSR 27.  Acting on his deviant sexual attraction, the defendant

15   possessed voluminous amounts of CSAM images and videos, some of which depicted infants, toddlers,

16   bestiality, and sadistic and masochistic conduct.  For instance, the defendant had at least 72 CSAM

17   image files and 3,816 CSAM videos saved on one of his cell phones.  By downloading and possessing

18   such CSAM, the defendant has promoted the proliferation of child rape or the horrific sexual abuse of

19   minors, including infants.  Descriptions of some of the videos are graphic and disturbing.  PSR at 8.

20   Those videos show the sexual abuse and/or rape of infants and children as young as 4 and 5, and include

21   bestiality involving a teenage boy, among other things.  *Id*.

22        As painfully, yet articulately, expressed by the many victims in the CSAM images and videos

23   possessed by the defendant, his actions have retraumatized them.  The videos depict evil and

24   unspeakable acts inflicted on the victims, as selfish and evil-hearted adults stole the victims' innocence,

25   betrayed their trust, and shattered their lives in incalculable ways.  The child rapists preyed upon the

26   victims who were vulnerable children at the time, inflicting long-lasting, if not life-long, trauma on those

27   victims.  In fact, the victims' torment continues each time the images and videos documenting their

28   sexual abuse are downloaded and viewed by pedophiles and sexual deviants, such as the defendant, for

1  sexual pleasure.  Therefore, the defendant's sexual attraction to minors and his act of possessing

2  voluminous amounts of CSAM render him a public safety risk.

3        Further, the defendant has exhibited other concerning behavior.  When they were both minors,

4  the defendant and his younger male cousin engaged in sexual acts.  PSR at 8.  This started when the

5  defendant was 9 or 10, and his younger cousin was 5 or 6 years old.  The two stopped engaging in

6  sexual acts when the defendant was 17, and the younger cousin was 13.  Such sexual acts over a period

7  of about 7 years is not normal among children, much less between cousins.

8        Finally, the defendant admitted that he received sexually explicit images from other minors he

9  conversed with online, and the evidence indicates that the defendant may have paid for some of those

10  images.  PSR at 8.  For example, the defendant admitted receiving sexually explicit images from two

11  females who were between the ages of 14 and 17, and from an additional four to six other minors whom

12  he conversed with on Twitter.  *Id*.  Therefore, aside from his receipt of CSAM from the victim in this

13  case and his possession of voluminous CSAM images and videos, the defendant has engaged in other

14  troubling sexual behavior.

15                          b.  Mitigating Factors

16        There are, however, mitigating factors in the defendant's case.  Although the defendant discussed

17  engaging in sexual acts with the victim in this case, they never actually met up in person.  Also, while

18  the defendant's actions are inexcusable, the defendant's relatively young age, 19 to 20 years old, at the

19  time of his offenses, is a mitigating factor.  Further, the defendant and the victim were relatively close in

20  age—the defendant was 19 to 20 and the victim was 16 to 17 during the relevant period.

21        At the time of his offense in 2022, the defendant was also isolated and depressed.  He was

22  dealing with the recent death of his mother, with whom he was particularly close.  The defendant's

23  mother suffered from medical issues, and the defendant dropped out of high school to help care for her,

24  to take her to doctor's appointments, and to serve as a Spanish language interpreter for her.  The

25  defendant did not know his biological father, who left their family when the defendant was born.  PSR at

26  24.  The defendant met his biological father shortly before his mother's death.  *Id*.  While the defendant

27  had a stepfather, the defendant claims that his stepfather fondled him sometime before his mother's

28  death.

United States' Sentencing Memorandum            6
4:23-cr-00208-JSW

In addition, the defendant has no prior criminal convictions, and no violent criminal history. This is his first sexual offense. The defendant has also been gainfully employed, working at 99 Ranch Market for the past two years while providing financial support to family members. Aside from maintaining his employment while on pretrial release, the defendant has attended individual and group counseling sessions for sexual offenders. The defendant has appeared at all his court hearings and has generally complied with his pretrial release conditions, indicating that he has respect for the law.

Further, the defendant has taken responsibility for his conduct by pleading guilty and expressed remorse and a desire to continue treatment. Finally, it appears that the defendant suffers from mental health issues, which may have impaired his decision-making. He was diagnosed with major depressive disorder and may also suffer from schizoaffective disorder. Given his mental health issues, the defendant has exhibited symptoms such as hopelessness, self-isolation, suicidal ideation, and auditory hallucinations. Thus, if the defendant receives treatment for his mental health condition and continues to receive other rehabilitative counseling, he may be able to eliminate or diminish his sexual attraction to minors or, at least, refrain from acting on such attraction.

Accordingly, given the circumstances of his offense and history and characteristics, the defendant should receive a sentence of 84 months.

**2.    Need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense**

An 84-month sentence also reflects the seriousness of the defendant's offense and promotes respect for the law. Further, an 84-month sentence constitutes just punishment by ensuring that the defendant is held accountable for receiving and possessing a large amount of CSAM.

**3.    Need for the sentence to afford adequate deterrence to criminal conduct**

Imposing an 84-month custodial sentence on the defendant also promotes specific deterrence because this 7-year sentence will likely deter the defendant from reoffending. It also promotes general deterrence because it sends a message to sex offenders that they will face a significant custodial sentence if caught and prosecuted for sex crimes against minors.

### 4. The need for the sentence imposed to protect the public from further crimes by the defendant

An 84-month custodial sentence is, moreover, warranted to protect the public from further crimes by the defendant as it will ensure that, for a significant period, he is not in the community where he could be acting on his sexual attraction to minors.

### C. Restitution

Restitution for victims of child pornography offenses is mandatory under 18 U.S.C. § 2259. Victims are statutorily entitled to restitution under the provisions of the Mandatory Victim Restitution Act of 1996; the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018; and the Mandatory Restitution for Sexual Exploitation of Children Act of 1994. Specifically, in child pornography trafficking cases—which is defined to include offenses under 18 U.S.C. § 2252—the Court shall determine the full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim as a result of the defendant's crime, and then "order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000." 18 U.S.C. § 2259(b)(2). To the extent there is a dispute about the correct amount of restitution, it is the government's burden to demonstrate the amount of the loss to the victim by a preponderance of the evidence. *See United States v. Waknine*, 543 F.3d 546, 556 (9th Cir. 2008) (citing 18 U.S.C. § 3664(e)).

At the time of the PSR, the government had received restitution requests from 12 victims, totaling $89,500—more requests have been received since then. Pursuant to 18 U.S.C. § 3664(d)(5), undersigned counsel for the government informs the Court that the victims' losses are not fully ascertainable 10 days prior to sentencing, and requests that the Court set a hearing date for the final determination of the claims within 90 days of the sentencing hearing if the parties are unable to reach a stipulated resolution.

1

**CONCLUSION**

2      With full consideration of all the sentencing factors set forth in 18 U.S.C. § 3553(a), the United

3   States respectfully requests that the Court sentence the defendant to 84 months followed by 10 years on

4   supervised release and order him to forfeit the electronic devices listed in the plea agreement.

5

6   DATED:          February 4, 2025                    Respectfully submitted,

7                                                       ISMAIL J. RAMSEY
                                                        United States Attorney
8

9                                                       */s/ Michael G. Lagrama*
                                                        MICHAEL G. LAGRAMA
10                                                      Assistant United States Attorney

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States' Sentencing Memorandum          9
4:23-cr-00208-JSW